UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PARKER,

    Plaintiff,

vs.

BATTLE CREEK PIZZA, INC.,
KEVIN HERSHOCK,
DOE CORPORATION 1-10; and
JOHN DOE 1-10,

    Defendants.

Case No. 1:20-cv-00277

Honorable Janet Neff

Magistrate Judge Ray Kent

### DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES AND DEPOSITIONS

Plaintiffs have served four sets of discovery requests. Defendants have responded to all four sets of discovery requests and made significant document productions. Plaintiffs have requested four depositions. Defendants have produced all four deponents. By contrast, Defendants have served limited discovery requests. Plaintiffs, however, objected to every request and produced no documents. Defendants have noticed a single deposition, the named Plaintiff. Plaintiffs have refused to produce him for a deposition. Counsel for the parties have met and conferred and cannot resolve the issues raised in this motion.

Defendants seek information regarding Plaintiffs' approximate vehicle expenses incurred while working as pizza delivery drivers, e.g., type of car, ownership, receipts for expenses, cost of insurance, and so forth. *See* Exhibit A - Plaintiffs' Objections to First Discovery Requests. Under the FLSA regulations, Defendants position is that employers can reasonably approximate

vehicle related costs actually expended by employees for travel reimbursement purposes. Plaintiffs' position is that employers must either keep records of actual employee expenses or pay the IRS rate. Even though federal courts have split on this issue, Plaintiffs have refused to produce a single document or produce a single witness after almost two years of litigation.

Defendants seek to compel responses to their first set of discovery requests and compel the deposition of named Plaintiff, Robert Parker.

## I. BACKGROUND

### A. Claims at Issue

This is a Fair Labor Standards Act ("FLSA") case. It is about the proper standard for an employer to reimburse vehicle-related costs incurred by hourly-paid pizza delivery drivers. Plaintiffs say the FLSA and its applicable regulations are ambiguous. Defendants say they are not. Plaintiffs argue that, because the regulations are ambiguous, Defendants *must* pay the IRS rate, currently set at $0.585 per mile. Defendants seek to pay a reimbursement rate that is a reasonably approximate amount of what the employee actually expended in operating their vehicle.

### B. The FLSA and the Relevant Regulations

The FLSA provides that wages "paid to any employee include[ ] the reasonable cost ... to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees." 29 U.S.C. § 203(m). The FLSA does not address the situation where the "facility" (referencing the term "facility" in 29 U.S.C. § 203(m)) is provided by the employee for the employer's benefit—such as here where a pizza delivery driver uses their own vehicle when making deliveries. To

understand facility in this context, one must turn to the FLSA regulations do. *See* 29 C.F.R. § 531.35.

Section 531.35 explains that the FLSA's minimum wage requirement is not met unless the wages paid by the employer and received by the employee are "free and clear." *Id.* Section 531.35 provides that wages are not paid "free and clear" if the employee "'kicks-back' directly or indirectly to the employer ... the whole or part of the wage." *Id.* Section 531.35 provides an example of such an improper kick-back and concludes with a reference to 29 C.F.R. § 531.32(c) ("For example," if the employer requires "that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act. See also in this connection, § 531.32(c)."). 29 C.F.R. § 531.35.

Section 531.32(c), in turn, explains that "the cost of furnishing 'facilities' which are primarily for the benefit or convenience of the employer will not be recognized as reasonable and may not therefore be included in computing wages." *Id.* § 531.32(c). Section 531.32(c) concludes with a reference to Section 778.217. *Id.* ("For a discussion of reimbursement for expenses such as 'supper money,' 'travel expenses,' etc., see § 778.217 of this chapter.").

Section 778.217, in turn, restates the general rule found in Section 531 *i.e.*, that an employer's payments to its employees for expenses incurred on the employer's behalf cannot be counted towards compensation. *Id.* § 778.217(a). Section 778.217 then provides five illustrations of employee expenses that should not be regarded as part of employees' rates. *Id.* § 778.217(b). The illustration pertinent here provides that "[p]ayment by way of reimbursement" is "not regarded as part of the employee's regular rate" when it is for "[t]he actual or reasonably

3

approximate amount expended by an employee who is traveling 'over the road' on the employer's business." *Id.* § 778.217(b)(3).

Defendants argue that the regulation is clear. Under that regulation, employers may not receive "kickbacks" from a delivery driver such as through "facilities." Regulation 29 C.F.R. § 531.35 incorporates 29 C.F.R. § 531.32(c), which defines "facilities," to include vehicle expenses incurred for the benefit of the employer. Regulation 29 C.F.R. § 531.32(c) in turn incorporates 29 C.F.R. § 778.217, which explains that reimbursements must reasonably approximate the expenses incurred. Most courts have found no ambiguity in 29 C.F.R. § 531.35, because it has clear citations to the proper standards. *See, e.g*, *Bradford v. Team Pizza, Inc.*, ---F. Supp.---, 2021 WL 4860600, at *1 (S.D. Ohio Oct. 19, 2021); *Kennedy v. Mountainside Pizza, Inc.*, No. 19-CV-01199-CMA-STV, 2020 WL 5076756, at *5 (D. Colo. Aug. 26, 2020). In those cases, employers can pay reimbursements in amounts that reasonably approximate vehicle related costs actually expended, which was done by Defendants in this case. *See* ECF No. 105-2, PageID.1214, and PageID.1242-44.

## II. ARGUMENT

There is no reasonable justification to prevent Defendants from obtaining relevant discovery in this case. Discovery is permitted "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." *Id*. A party may move for an order compelling a discovery response pursuant to Federal Rule of Civil Procedure 37(a)(3)(B).

Under Federal Rule of Civil Procedure 37, a party may move to compel discovery responses if, among other things, an opposing party fails to answer interrogatories or produce requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). "When the discovery sought appears

4

relevant, '[t]he party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Monsanto Co. v. Ralph*, No. 01-MC-1004, 2001 WL 35957201, at *2 (W.D. Tenn. May 10, 2001).

Plaintiffs' flawed view is that because the reimbursement rate can be only employer recorded actual vehicle expenses or the IRS rate, no discovery on approximate vehicle expenses is allowed. This is an incredible statement considering more than half the federal courts to rule on this issue have found in favor of a reasonably approximate rate. *See, e.g.*, *Bradford v. Team Pizza, Inc.*, No. 1:20-CV-00060, 2021 WL 4860600 (S.D. Ohio Oct. 19, 2021); *Kennedy v. Mountainside Pizza, Inc.*, No. 19-CV-01199-CMA-STV, 2020 WL 5076756 (D. Colo. Aug. 26, 2020). Plaintiffs further argue that because the precise legal issue is pending before Judge Neff, the parties should wait because her ruling might obviate the need for further discovery on this issue. But this argument has already been made to and rejected by Judge Neff. Judge Neff said the following:

> Plaintiffs now seek guidance in "understanding the Order Setting the Briefing Schedule on the Proper Reimbursement Rate (Doc. 96) as it pertains to discovery" (ECF No. 109 at PageID.1453). Specifically, Defendants contend that the Order was "intended to stay discovery entirely" (id.). However, this Court's February 19, 2021 Order (ECF No. 96) did not reference discovery, and, given that the parties' pending motion papers address only the topic of proper rate reimbursement (ECF Nos. 100, 104-105 & 108), staying discovery would not be warranted.

ECF No. 112, PageID.1464.

Plaintiffs' counsel have attempted to avoid discovery using these same arguments in other cases. For example, in *Edwards v. PJ Ops Idaho, LLC*, Defendants planned to send

5

questionnaires to the Plaintiffs seeking information about the plaintiffs, their vehicles, and their tenure working for the defendant pizza companies. No. 1:17-CV-00283-DCN, 2020 WL 7502452, at *1 (D. Idaho Dec. 21, 2020). The *Edwards* court noted that, like here, "[i]n essence, Plaintiffs assert there are only two ways to reimburse delivery drivers such as Plaintiffs: 1) by tracking and reimbursing their actual expenses, or 2) by paying them the IRS business mileage rate." *Id*. at *2. But the Court noted there was a third way, the reasonably approximate method advanced by Defendants in this case.

The *Edwards* court found that because the plaintiffs had asserted claims for under-reimbursed automobile expenses, they had put information about their automobiles at issue, which made the information relevant. *Id*. at *7. And the court explained the following:

> In essence, Plaintiffs are trying to direct discovery in this case using a framework that the Court has yet to adopt. Will the Court adopt the same analysis as in *Hatmaker*? Maybe. Will the Court adopt an analysis similar to that of the District of Colorado? This too is possible. The fact that there are competing interpretations as to the operative legal standard in cases such as this highlights, however, the need to keep discovery broad in order to capture all relevant evidence that might be used at a later time. For example, were the Court to grant Plaintiffs motion at this time and not allow Defendants' discovery on this topic, but later determined that the appropriate standard is the "reasonable approximation" standard, the Court and counsel would not have anything to work with. It is better to undertake discovery on this topic now as opposed to reopening discovery later.

*Id*.

Defendants seek relevant information in their discovery requests. Plaintiffs cannot conduct discovery on the premise that only their view of the law is correct, especially where different courts have come to differing conclusions regarding the proper reimbursement rates for pizza delivery drivers. Defendants request that the Court order Plaintiffs to respond fully to Defendants first set of discovery requests within 14 days of the Court's order on this motion, and

6

order Plaintiff Robert Parker's deposition to be scheduled within 14 days of Plaintiffs' document production.

### III.  CONCLUSION

For these reasons, Defendants respectfully request the Court grant its motion.

Respectfully Submitted,

By: /s/ Erik H. Johnson
**PLUNKETT COONEY**
PATRICK C. LANNEN (P73031)
ERIK H JOHNSON (P85017)
*Attorneys for Defendants*
38505 Woodward Ave., Suite 100
Bloomfield Hills, MI 48304
plannen@plunkettcooney.com
ejohnson@plunkettcooney.com

Dated: February 24, 2022

### Proof of Service

The undersigned certifies that on 24 February 2022 a copy of the foregoing document was served upon the attorney(s) of record in this matter at their stated business address as disclosed by the records herein via:

☐ Hand delivery  ☐ Overnight mail
☐ U.S. Mail  ☐ Facsimile
☐ Email  ☒ Electronic Filing System

I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

*/s/ Suzanne Mooney*
Suzanne Mooney

Open.28076.019