UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PARKER,

    Plaintiff,

vs.

BATTLE CREEK PIZZA, INC.,
KEVIN HERSHOCK,
DOE CORPORATION 1-10; and
JOHN DOE 1-10,

    Defendants.

Case No. 1:20-cv-00277

Hon. Janet Neff

Mag. Judge Ray Kent

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), the Court's authority, and the stipulation of the parties, in order to facilitate the exchange of franchise agreements or franchise renewal agreements entered relating to Hungry Howie's store numbers 73 (Belleville, Michigan), 535 (Marshall, Michigan), 536 (Albion, Michigan), 1006 (Battle Creek, Michigan), 1020 (Kalamazoo, Michigan), 1037 (Coldwater, Michigan), 1048 (Kalamazoo, Michigan), 1069 (Kalamazoo, Michigan), 2006 (Kendallville, Michigan), 2008 (Fort Wayne, Indiana), and 2023 (Fort Wayne, Indiana) responsive to Plaintiffs' Fourth Set of Requests for Production, Requests for Production 19 and 20, ordered to be produced by the Court on February 11, 2022 (see Doc. 158) (hereinafter, the "Franchise Agreements"), justice requires that the

following provisions of this Stipulated Protective Order (the "Order") shall govern disclosure and use by the parties of the Franchise Agreements.

**IT IS HEREBY ORDERED** that:

1. **Confidential Information** – Because Defendants reasonably and in good faith and on individualized review believe the Franchise Agreements are subject to confidential protection under the law, including but not limited to Federal Rule of Civil Procedure 26 or other applicable statutory or common law (e.g., intellectual property, financial, commercial, or other sensitive information), the Franchise Agreements may be produced by that party with the clear and obvious designation "CONFIDENTIAL."

2. **Deposition Testimony** – A party may designate documents, information, or things relating to the Franchise Agreements disclosed at a deposition as "CONFIDENTIAL" on the record during the deposition or, within 10 days of receiving the deposition transcript, by notifying all parties in writing of the specific item so designated or the lines and pages of the transcript that are "CONFIDENTIAL." All deposition transcripts and exhibits discussing or addressing the Franchise Agreements will be deemed CONFIDENTIAL for a period of 10 days after the deposition transcript becomes available.

   2.1. If a party designates such materials as "CONFIDENTIAL" on the record, the court reporter shall indicate on the cover page of the transcript that

the transcript includes "CONFIDENTIAL" information, and shall list the pages and line numbers and/or exhibits of the transcript on or in which such information is contained. Further, during the period in which such "CONFIDENTIAL" information is discussed during the deposition, any person present during the deposition who is not authorized to receive such information under Paragraph 10 below shall be excluded from that portion of the deposition.

3. **Non-Disclosure of Confidential Information** – Any document or thing designated as "CONFIDENTIAL" cannot be used to initiate a subsequent lawsuit or referred to in any subsequent lawsuit. Any document or thing designated as "CONFIDENTIAL" may only be used to prosecute or defend this action and shall not be disclosed to (or the content discussed with) anyone other than the following persons:

    a. The named parties in this case, their attorneys, and their support staff (e.g., copying and document management personnel).

    b. Experts, consultants, or vendors (together with their clerical staff) retained by the respective parties to assist in this case but only to the extent necessary to further the interest of the parties in this litigation, and only after executing the agreement attached hereto as Exhibit A;

3

  c. a witness at any deposition or other proceeding in this case except, as to any non-party witness, such disclosure must be reasonably necessary and the non-party witness must sign the agreement attached hereto as Exhibit A;

  d. any court reporter or videographer employed in this case;

  e. any mediator or facilitator and their staff members; and

  f. this Court and its staff members.

3.2. Materials designated as "CONFIDENTIAL" shall not be disclosed by opposing counsel to a former employee of Plaintiff or Defendants, respectively, or to a testifying or non-testifying expert or consultant unless and until such representative, expert, or consultant has first been supplied with and has read a copy of this Order and has executed a copy of the Agreement attached as Exhibit A.  Current employees of Plaintiff and Defendants are not required to execute a copy of the Confidentiality Agreement, but must be advised regarding the provisions of this Protective Order.

4. **Filing Under Seal.**  This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each

item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a memorandum of legal authority supporting the seal. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal. Whenever a motion or stipulation to seal is filed, the party seeking to file under seal shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted via the link located under the "Utilities" section of CM/ECF.

    4.1.   Notice to Designating Party. Any party, other than the producing party, that anticipates filing any material that has been designated as "CONFIDENTIAL" must provide reasonable notice to the producing party of the proposed filing, so that the producing party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of "CONFIDENTIAL" information under seal, in a good faith attempt to reach an agreement regarding whether the "CONFIDENTIAL" information should be filed under seal. If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph 5. If an agreement is not reached,

then the producing party may file a motion in compliance with paragraph 5. If the motion is denied, then the party separately may file the material, but not under seal.

5. **Discovery from Third Parties** – This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit. Third parties may designate information produced as "CONFIDENTIAL" if it meets the criteria described herein.

6. **Inadvertent Disclosure –** If a party inadvertently fails to mark a document as "CONFIDENTIAL" for which it desires such treatment, it shall so inform the other party forthwith, but in no event later than 21 days following discovery of the inadvertent disclosure. The non-producing party thereupon shall destroy and certify its destruction of the undesignated documents to the producing party and the producing party shall substitute properly marked documents. No demonstration or proof of error, inadvertence, or excusable neglect by the designating person shall be required for such re-designation.

    6.1. The inadvertent or unintentional disclosure by a party supplying confidential discovery material, regardless of whether such discovery material was designated as "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of that party's claim of confidentiality with respect to the discovery material disclosed, provided that the producing party making such inadvertent

6

or unintentional disclosure notifies the receiving parties forthwith, but in no event later than thirty (30) days after it learns of such inadvertent or unintentional disclosure.

7. **Objections –** Should any party object to a designation of any information, documents, or things as "CONFIDENTIAL", the parties shall meet and confer in a good-faith attempt to reach an agreement regarding the status of the information, documents, or things. The parties are strongly encouraged to resolve all such objections. If an objection is not thereby resolved, a party may bring the dispute before the Court for a determination. The party claiming the "CONFIDENTIAL" designation shall have the burden of proving good cause for the entry of an order maintaining the designation of the information, documents, or testimony under the terms of this Stipulated Protective Order. Until the Court makes such determination, all material designated as "Confidential" shall be treated as such.

8. **Miscellaneous –** Nothing in this Order shall preclude any party or their attorneys from:

    a. Showing materials designated as "CONFIDENTIAL" to an individual who either prepared or reviewed the document, or is shown by the document to have received the document; or

   b.  Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as "CONFIDENTIAL."

  9.  **Subpoenas –** If either party is served with a subpoena or similar process, from any person or entity whatsoever, directing that party to produce any materials designated as "CONFIDENTIAL" by another party, counsel for that party shall immediately give counsel for the designating party written notice of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

  10.  **Trial** – This Protective Order shall not govern proceedings at trial.

  11.  **Termination of Lawsuit** – All documents and things designated as "CONFIDENTIAL" and all copies thereof, shall to the extent reasonably practical and innkeeping with Counsel's ethical obligations either be returned to the party that produced them upon the final disposition of this action or they may be destroyed with permission of the party that produced them.  This provision shall not apply to documents and things the Court determines are not confidential.  Outside litigation counsel for each party may keep a copy of all pleadings, deposition testimony and exhibits, and other documents filed with the Court for their files.

  12.  **Survival –** The terms of this Order shall remain in effect after the action and any related appeals are concluded, except that there shall no longer be any

restriction on use of materials designated as "Confidential" that are used as exhibits at trial (unless such exhibits were used under seal or protective order at trial).

Dated: _____     _____
                                                            Hon. Ray Kent
                                                            United States Magistrate Judge

STIPULATED AND AGREED TO BY:

Respectfully submitted,

| /s/ Laura E. Farmwald | /s/ Erik H. Johnson |
|---|---|
| Andrew Kimble (OH Bar #093712) | Patrick C. Lannen (P73031) |
| Emily Hubbard (OH Bar #096032) | Erik H. Johnson (P85017) |
| Laura Farmwald (OH Bar #95304) | PLUNKETT COONEY |
| Biller & Kimble, LLC | 38505 Woodward Ave., Suite 100 |
| 8044 Montgomery Rd., Ste. 515 | Bloomfield Hills, MI  48304 |
| Cincinnati, OH 45209 | (248) 901-4000 |
| Telephone: (513)715-8711 | plannen@plunkettcooney.com |
| Facsimile: (614) 340-4620 | ejohnson@plunkettcooney.com |
| akimble@billerkimble.com | |
| ehubbard@billerkimble.com | Attorneys for Defendants |
| lfarmwald@billerkimble.com | |

Attorneys for Plaintiffs

9

# **EXHIBIT A**

I, _____, declare as follows:

1. I have read the Protective Order in the above captioned case.

2. I promise that I will only use the documents and things designated as "CONFIDENTIAL" that are given to me for purposes of this lawsuit.

3. I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL" with anyone other than the persons described in the Protective Order.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Western District of Michigan with respect to enforcement of this Protective Order.

5. I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL" or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Date: _____                    _____
                                                          [Signature]

*Open.28076.01926.28747096-1*