UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PARKER,

    Plaintiff,

vs.

BATTLE CREEK PIZZA, INC.,
KEVIN HERSHOCK,
DOE CORPORATION [1-10; and
JOHN DOE 1-10],

    Defendants.

Case No. 1:20-cv-00277

Hon. Paul L. Maloney

Mag. Judge Ray Kent

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE ABRIDGED VERSION OF MOTION FOR SUMMARY JUDGMENT ON
FLSA CLAIMS AFTER DISPOSITIVE MOTION DEADLINE**

Defendants file this response in opposition to Plaintiffs' motion to file an abridged version of their motion for summary judgment on FLSA claims after the dispositive motion deadline. For the reasons set forth in the accompanying brief, Plaintiffs' motion should be denied.

    Respectfully submitted,

By: */s/ Patrick C. Lannen*
**STINAR GOULD GRIECO & HENSLEY**
PATRICK C. LANNEN (P73031)
ERIK H. JOHNSON (P85017)
*Attorneys for Defendants*
280 W. Maple Road, Suite 230
Birmingham, MI 48009
Patrick@SGGHLaw.com
269-370-1746
Erik@SGGHLaw.com

Dated: August 18, 2025

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PARKER,

    Plaintiff,

vs.

BATTLE CREEK PIZZA, INC.,
KEVIN HERSHOCK,
DOE CORPORATION [1-10; and
JOHN DOE 1-10],

    Defendants.

Case No. 1:20-cv-00277

Hon. Paul L. Maloney

Mag. Judge Ray Kent

**DEFENDANTS' BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE ABRIDGED VERSION OF MOTION FOR SUMMARY JUDGMENT ON FLSA CLAIMS AFTER DISPOSITIVE MOTION DEADLINE[1]**

    Excusable neglect is a strict standard appropriate in only the most extraordinary cases. Plaintiffs' motion should be denied because they have not shown excusable neglect where they simply mismanaged their time. Plaintiffs' failure to file an appropriately-sized brief and

---

[1] Plaintiffs assert that they sought concurrence in the relief requested under W.D. LCivR 7.1(d). Mot. at PageID.7282. That is a mischaracterization. On Saturday, August 2, 2025 at 4:43 PM, Plaintiffs sought Defendants' position on this motion stating that they would inform the Court of our position *after* the motion is filed. *See* **Exhibit A**. At 10:25 PM that same day, they sought concurrence with respect to their partial summary judgment motion. *Id*. They filed the motions shortly after seeking concurrence at 10:12 PM and 11:02 PM, respectively. These are not good faith efforts to comply with Local Rule 7.1(d). The Rule requires parties to "*ascertain* whether the motion will be opposed." *Id*. (emphasis added). Parties must "confer in a good-faith effort to resolve the dispute." *Id*. "The conference must be held sufficiently in advance of filing the motion to allow the opportunity for meaningful discussion." Late in the day on a Saturday shortly before filing the motion is far from a good-faith effort to conduct a meaningful discussion on the relief sought in the motion. Plaintiffs' counsel said that time was of the essence, but it was not. The Court struck Plaintiffs' motion for summary judgment for failure to follow the Local Rules. No new deadline was set. Plaintiffs could have simply conferred with the undersigned on Monday morning. Instead, they elected to shirk another Local Rule. Plaintiffs' motion should be denied for this reason alone.

1

subsequently seeking to file a word-count compliant brief is nothing other than Plaintiffs' counsel failure to properly manage their time. Failure to manage time is ordinary neglect, not excusable neglect as explained more fully below. For the reasons discussed herein, the motion should be denied.

I.     **BACKGROUND**

On July 15, 2025, Plaintiffs filed a motion for a word extension for their motion for partial summary judgment, ECF No. 313, and on the same day they filed their motion for partial summary judgment, ECF No. 314. Under Local Rule 7.2(b)(i), dispositive motions are not to exceed 10,800 words. By contrast, the Eastern District limits dispositive motions to no more than twenty-five pages in fourteen-point font, E.D. LR 5.1(a)(3) & 7.1(d)(3), which on average results in full-length briefs of approximately 6,000 words.

The Western District local rule is far more generous at 10,800 words. Plaintiffs sought an additional 4,700 words (15,500) for their motion for partial summary judgment, or the equivalent of almost an entire Eastern District dispositive motion. *See* Mot. for Word Extension, ECF No. 313, at PageID.4615. The Court denied the motion for a word extension on August 1, 2025, and struck Plaintiffs' motion for partial summary judgment. *See* ECF No. 326. The following day, Plaintiffs filed an "abridged" motion for partial summary judgment within the 10,800-word limit, ECF No. 328, and the present motion seeking leave for leave to file the motion, ECF No. 327. Plaintiffs admit that the abridged motion for partial summary judgment has "not substantively changed in the abridged filing." ECF No. 327 at PageID.7286.

II.     **LEGAL STANDARD**

The Court, upon a showing of "excusable neglect," may extend the time for filing a dispositive motion. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is a "strict standard which is met only in extraordinary cases." *Argue v. Burnett*, 2010 WL 1417633, at *2 (W.D. Mich. Apr. 1,

2010) (J. Maloney) (quoting *Nicholson v. City of Warren*, 467 F.3d 525, 527 (6th Cir. 2006) (citing *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)). Mistakes arising from ordinary and typical aspects of trial practice do not constitute unique and extraordinary events arising to excusable neglect. *See Barnes v. Cavazos*, 966 F.2d 1056, 1061–62 (6th Cir. 1992) (reversing the district court and holding that miscalculating deadlines is neglect in the most ordinary sense, and as such it does not satisfy the excusable neglect standard).

To find excusable neglect under Rule 6(b)(1)(B), courts balance the following factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)).

### III.   ARGUMENT

Plaintiffs' arguments in support of granting leave to file an untimely dispositive motion amount to nothing more than they mismanaged their time. As explained more fully below, the factors all weigh against granting Plaintiffs leave to file an untimely dispositive motion.

#### A.  Granting Plaintiffs leave to file a late motion will prejudice Defendants.

Plaintiffs argue that Defendants will not be prejudiced because they are likely already working on a response to Plaintiffs' untimely motion, Defendants have benefitted from having seen Plaintiffs' arguments, and failure to allow the filing would result in a windfall for Defendants. Mot. at PageID.7286. All of these arguments miss the mark, and Defendants will be prejudiced by this late filing.

*First*, contrary to Plaintiffs' speculation, Defendants are not working on a response to Plaintiffs' abridged motion. Given the reasonable chance that the Court denies leave to file the

3

motion, Defendants are not willing to incur the substantial cost of responding to a dispositive motion when it might never be filed.

*Second*, there is nothing unexpected in Plaintiffs' motion such that Defendants have gained any advantage. Plaintiffs' arguments have not changed since the day they filed this case. They argue erroneously that it is an employer's responsibility to maintain actual vehicle expenses and that without such records only the IRS Standard Mileage Rate will compensate Plaintiffs for their actual vehicle expenses. ECF No. 328, Table of Contents, PageID.7314-15. Defendants anticipated and refuted these arguments in their motion for summary judgment filed on July 17, 2025. *See* ECF No. 316 at PageID.6110-14.[2] Defendants are at no advantage from previewing Plaintiffs' abridged motion for partial summary judgment.

*Finally*, there is no windfall to Defendants if Plaintiffs are not granted leave to file a late dispositive motion. If Plaintiffs' claims survive summary judgment, which they should not, they will have their day in court. There is simply no windfall of any kind.

On the other hand, there is prejudice to Defendants by allowing the late filing. The undersigned and his office were expecting a dispositive motion filed on July 15, 2025 and accounted for such in their schedules. If the Court grants Plaintiffs leave to file the untimely motion, the response briefing will necessarily fall at a time when the undersigned's office has other scheduled obligations, including at least two trials by the end of September. The prejudice to Defendants will be significant as they will not have enough time to brief the issues properly. Granted the underlying arguments have been addressed several times over the last five years, but Plaintiffs find new and inventive ways to attempt to confuse matters. Defendants briefed the primary issues in their motion for summary judgment well within the word count, but from

---

[2] Plaintiffs also argue that there is an FLSA notice violation. Defendants also preemptively addressed that argument. ECF No. 316 at PageID.6117.

4

experience, the undersigned knows that most of the time spent on the brief will be dispelling Plaintiffs' erroneous arguments.

Therefore, this factor weighs against granting leave to file an untimely motion.

**B. The length of the delay will potentially impact the judicial proceedings.**

Plaintiffs argue that the delay is only eighteen days. Mot. at PageID.7286. That is simply not true. Plaintiffs filed their abridged motion the day after the original motion was struck by the Court. The Court did not automatically grant leave to file a word-count compliant dispositive motion. Until the Court decides to grant leave for Plaintiffs to file an untimely dispositive motion, Defendants are not incurring costs drafting a response to the motion. As of today, the delay is over a month. It is likely to grow. There has already been a significant delay and impact on judicial proceedings. This factor too weighs against granting Plaintiffs leave to file an untimely motion.

**C. Plaintiffs' reasons for the delay are insufficient to show excusable neglect.**

Plaintiffs say that they filed an oversized brief because (1) the issues in this case are complex, (2) they believed their best arguments needed more than 10,800 words, and (3) it was reasonable under the circumstances. Mot. at PageID.7287-89. These arguments are unavailing.

*First*, according to Plaintiffs, this case is complex because of the Sixth Circuit's decision in this case, and then eight issues related to the case. *Id*. at PageID.7288. Plaintiffs represent that given the many issues, they could have filed "several separate motion, each carrying a separate 10,800-word limit." *Id.* That position is tenuous at best given that the eight issues are mine run issues for any FLSA case. In other words, whether someone is an employer, the legal standard, alleged willful violations, and damages calculations are not uncommon. And the Sixth Circuit's ruling clarified, not complicated, matters in this case. Not only was a shorter brief possible, but Plaintiffs were able to turn around a word-count compliant motion within 24 hours of their motion

5

being struck, which Plaintiffs say has "not substantively changed." ECF No. 327 at PageID.7286.[3] Plaintiffs did not need an additional 4,700 words to make their arguments.

*Second*, Plaintiffs say they exceeded the word count for the Court's convenience. Mot. at PageID.7288. Plaintiffs say they included all facts, including quotes from the record and cases. *Id*. Plaintiffs have not described anything unusual. Facts, record cites, and case cites and quotations are standard fare in motions. The problem was not facts and citations, it was the excessive recounting of facts and citations that was the problem in their motion. As noted above, Plaintiffs could and eventually did file a word-compliant motion. Following standard motion practices does not amount to a valid reason to file an oversized brief.

*Finally*, Plaintiffs say that under the circumstances, filing an oversized brief was reasonable. Mot. at PageID.7289. Plaintiffs note that while briefing their motion for summary judgment, *they* also filed a motion for order to show cause on June 5, 2025 (ECF No. 290, denied on June 27, 2025 (ECF No. 305)), motion for sanctions on July 3, 2025 (ECF No. 307, stricken on July 16, 2025 (ECF No. 317)), and motion to extend dispositive motion deadline on June 24, 2025 (ECF No. 301, denied on June 26, 2025 (ECF No. 304)). Plaintiffs complain about a problem of their own creation. They chose to file the above motions during the time they could have been focusing on their dispositive motion.[4] Additionally, Plaintiffs' motions were not filed with any expectation of succeeding. The motions were filed with the intent to distract and overwhelm the undersigned. There is nothing unusual about the tactic. Plaintiffs were simply surprised when they were hoisted by their own petard.

---

[3] Rather than rushing out an overlength brief, Plaintiffs should have simply asked for an additional day or two to file a word-compliant motion. When Plaintiffs sought the word extension, Defendants responded in less than 30 minutes expressing that they would not oppose a motion seeking additional words even though Plaintiffs did not specify how many additional words they needed. *See* **Exhibit B**. Defendants would not have opposed additional time to file their motion.

[4] Also, the motions were not filed with any hope of having them granted. The motions were filed with the intent to try to muddy up the record and harass Defendants.

Plaintiffs also argue that Defendants engaged, but did not ultimately agree, to a stipulation regarding Kevin Hershock being an employer within the meaning of the FLSA. Mot. at PageID.7290. They say that due to this omission, thousands of additional words were needed in their motion. *Id.* It looks closer to 100-200 words, most of which are citations, see Initial Mot. for Summ. J. at PageID.4655-56 (ECF No. 315), which became closer to 100 words in the abridged version, see Mot. for Partial Summ. J. at PageID.7333-34 (ECF No. 328). Plaintiffs proposed stipulation during the final briefing days of the dispositive motions, while simple on its face, had significant pitfalls for Defendants. Defendants decided to spend their resources on finishing their own dispositive motion rather than engage in what was sure to be contentious negotiations.

The reasons for Plaintiffs' delay in filing their dispositive motion all center on a failure to properly allocate time to finish the task correctly. Those reasons show ordinary neglect, not the unique and extraordinary events arising to excusable neglect. *See Barnes v. Cavazos*, 966 F.2d 1056, 1061–62 (6th Cir. 1992). Therefore, this factor counsels against granting Plaintiffs leave to file a late dispositive motion.

### D.  Plaintiffs admit that the delay was within their reasonable control.

This factor weighs more heavily against Plaintiffs than any other factor. *Plaintiffs admit that the delay was within their control*. Mot. at PageID.7290. They offer reasons they made the decision to file the oversized brief, but they ultimately admit that "Plaintiffs could have filed a shorter brief." *Id.* All of Plaintiffs' reasons for filing an oversized brief come down to mismanaging their time. Excusable neglect is a "strict standard which is met only in extraordinary cases." *Argue v. Burnett*, 2010 WL 1417633, at *2 (W.D. Mich. Apr. 1, 2010) (J. Maloney) (quoting *Nicholson v. City of Warren*, 467 F.3d 525, 527 (6th Cir. 2006) (citing *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)). Plaintiffs' reasons for filing the oversized brief fall well short of the Sixth Circuit's "strict standard."

This factor weighs against allowing an untimely dispositive motion.

### E. Plaintiffs did not act in good faith.

Plaintiffs' counsel does not explain how they acted in good faith, nor do they have good cause for this dispositive motion extension. Mot. at PageID.7290-91. A case management order can be modified if there is "good cause and with the judge's consent." Fed. R. Civ. P. 16 (b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks and citation omitted); *see also Bentkowski v. Scene Magazine*, 637 F.3d 689, 696-97 (6th Cir. 2011) (upholding district court's denial of extension when plaintiff filed motion on the evening of the discovery deadline, "made no effort to conduct discovery in the four and a half months allotted for non-expert discovery and offered no explanation for his lack of diligence").

Courts in this circuit have found that "[c]arelessness or attorney error is insufficient to constitute good cause. . . ." *Smith v. T. Marzetti Co.*, No. 1:18-CV-00089, 2019 WL 4044024, at *3 (W.D. Ky. Aug. 27, 2019); *see also*, Trs. of Plumbers & Steamfitters Local Union No. 43 Health & Welfare Fund v. Crawford, No. 1:06-CV-245, 2007 WL 2905616, at *2 (E.D. Tenn. Oct. 2, 2007) ("'[M]ere inadvertence' by the moving party, even coupled with an absence of prejudice to the non-moving party, is insufficient to establish good cause." (citation omitted)); *Birge v. Dollar Gen. Corp.*, No. 04-2531, 2006 WL 133480, at *1 (W.D. Tenn. Jan. 12, 2006) ("A litigant's inattention or error is not good cause by any standard." (citation omitted)).

Plaintiffs' counsel made choices with respect to how to present their clients' arguments. *Id.* That representation is a rosy gloss on the simple fact that they ran out of time. Rather than making the very common request for an additional day or two to finish a dispositive motion, they made the very uncommon request for additional words. The Western District provides almost

8

twice as many words, on average, than the Eastern District. It is not uncommon to see a request for an additional one to five pages in the Eastern District. It is quite uncommon to see a request for an additional 4,700 words in the Western District given how generous the word limit is. Plaintiffs did not act in good faith, they acted under a looming deadline made more difficult because they were haphazardly filing motions, even assuming they would have been meritorious, could have been dealt with after July 15, 2025.

Plaintiffs' counsel acted carelessly when they filed their oversized motion. Attorney carelessness does not amount to acting in good faith. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 524 (6th Cir. 2006).

## IV.     CONCLUSION

Plaintiffs' motion does not meet the strict excusable neglect standard, "which is met only in extraordinary cases." *Argue*, 2010 WL 1417633, at *2 (quoting *Nicholson v. City of Warren*, 467 F.3d 525, 527 (6th Cir. 2006) (citing *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)). This is not an extraordinary case; this is a very ordinary case of attorneys mismanaging their time. In such circumstances, the Court should deny Plaintiffs' motion for leave to file an untimely dispositive motion.

                                                                Respectfully submitted,

                                                                By: */s/ Patrick C. Lannen*
                                                                **STINAR GOULD GRIECO & HENSLEY**
                                                                 PATRICK C. LANNEN (P73031)
                                                                 ERIK H. JOHNSON (P85017)
                                                                 *Attorneys for Defendants*
                                                                 280 W. Maple Road, Suite 230
                                                                 Birmingham, MI 48009
                                                                Patrick@SGGHLaw.com
                                                                269-370-1746
                                                                Erik@SGGHLaw.com

Dated: August 18, 2025

## CERTIFICATE OF COMPLIANCE

In compliance with L.Civ.R. 7.3(b)(ii), I certify that Defendants' Response to Plaintiffs' Motion contains 2,943 words, using Microsoft Word 365.

                                              Respectfully submitted,

                                              */s/ Patrick C. Lannen*
                                              Patrick C. Lannen

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 18, 2025, a copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system which served notification of such filing upon the attorney(s) of record in this matter who are registered with the system.

I declare under the penalty of perjury that the foregoing statement is true to the best of my knowledge and belief.

                                              */s/Patrick C. Lannen*